# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BOARD OF TRUSTEES OF THE
SHEET METAL WORKERS' LOCAL
UNION NO. 80 INSURANCE TRUST
FUND,
    Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

    Defendant.

Case No: 2:13-cv-10415 PJD-LJM

Hon. Patrick J. Duggan

---

| | |
|---|---|
| **GERARD J. ANDREE (P25497)**<br>**RONALD S. LEDERMAN (P38199)**<br>SULLIVAN, WARD, ASHER & PATTON, PC<br>1000 Maccabees Center<br>25800 Northwestern Highway<br>P. O. Box 222<br>Southfield, MI 48037-0222<br>(248) 746-0700<br>gandree@swappc.com<br>rlederman@swappc.com<br><br>*Attorneys for Plaintiff* | **G. CHRISTOPHER BERNARD (P57939)**<br>BODMAN PLC<br>201 South Division Street, Suite 400<br>Ann Arbor, MI 48104<br>(734) 761-3780<br>cbernard@bodmanlaw.com<br><br>**REBECCA D'ARCY O'REILLY (P70645)**<br>BODMAN PLC<br>6th Floor at Ford Field<br>1901 St. Antoine Street<br>Detroit, MI 48226<br>(313) 393-7563<br>roreilly@bodmanlaw.com<br><br>*Attorneys for Defendant Blue Cross and Blue Shield of Michigan* |

## MOTION TO LIFT STAY OF PROCEEDINGS AND/OR FOR RECONSIDERATION

NOW COMES Plaintiff, BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 80 INSURANCE TRUST FUND and hereby moves for reconsideration of the Court's August 12, 2013 Order Granting Defendant's Motion for Stay of Proceedings for the reasons as set forth in the supporting Brief and Exhibits. Plaintiff requested the concurrence of defense counsel on August 26, 2013.

                            **SULLIVAN, WARD,**
                            **ASHER & PATTON, P.C.**

By: **/s/ Ronald S. Lederman**
      RONALD S. LEDERMAN (P38199)
      GERARD J. ANDREE (P25497)
      Attorneys for Plaintiff
      1000 Maccabees Center
      25800 Northwestern Highway
      P.O. Box 222
      Southfield, MI 48037-0222
      (248) 746-0700
      rlederman@swappc.com

W1307088.DOC

# PLAINTIFF'S BRIEF IN SUPPORT OF
# MOTION TO LIFT STAY OF PROCEEDINGS AND/OR FOR
# RECONSIDERATION

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................... ii

STATEMENT OF ISSUE ..................................................................................... iii

STATEMENT OF FACTS ...................................................................................... 1

ARGUMENT ........................................................................................................... 3

    PLAINTIFF'S CLAIMS SHOULD NOT BE STAYED FOR ANY REASON; AT A MINIMUM, THE STAY SHOULD BE AT LEAST PARTIALLY LIFTED TO PERMIT DISCOVERY ON MATTERS THAT WILL BE UNAFFECTED BY THE HI-LEX APPEA. .................................. 3

    A.   STANDARDS FOR MOTIONS FOR RECONSIDERATION ............ 3

    B.   STANDARDS FOR GRANTING STAY OF PROCEEDINGS ........... 3

CERTIFICATE OF SERVICE ................................................................................ 8

# **INDEX OF AUTHORITIES**

## **CASES**

*Dykema Excavators, Inc v Blue Cross & Blue Shield of Michigan*, Docket No. 13-cv-12151 .................................................................................................. 7

*Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936) ............................... 3

*Mich. Coal of Radioactive Materials Users, Inc. v Griepentrog*, 945 F. 2d 150, 153 (6th Cir. 2002) ............................................................................................ 4

*Ohio Environmental Counsel v. U.S. District Court*, 565 F.2d 393, 396 (6th Cir. 1977) .................................................................................................................. 3

*Pipefitters 636 Ins. Fund v Blue Cross & Blue Shield of Mich*igan, __ F. 3d __ (2013) ........................................................................................................... 5

*U.S. v. Mandycz*, 321 F. Supp. 2d 862, 864 (E.D. Mich. 2004) ............................... 4

## **STATUTES**

29 U.S.C. §1001 ....................................................................................................... 1

29 U.S.C. §186 ......................................................................................................... 1

MCL 550.110 ............................................................................................................ 1

## **RULES**

Local Rule of Federal Procedure 7.1(g)(3) .............................................................. 3

## STATEMENT OF ISSUE

SHOULD THE STAY OF PROCEEDINGS OF PLAINTIFF'S CLAIMS DURING THE PENDENCY OF THE APPEAL PROCEEDINGS IN *HI LEX CONTROLS V BLUE CROSS* BE AT LEAST PARTIALLY LIFTEDTO PERMIT DISCOVERY ON MATTERS THAT WILL BE UNAFFECTED BY THE Hi-LEX APPEAL?

## STATEMENT OF FACTS

This case is one of at least twenty related cases pending in this District against Defendant, in which it is alleged that Defendant violated federal and state law when it charged and uncollected certain hidden fees in administering self-insured health care plans. It is alleged that by charging and collecting these fees, Defendant violated ERISA, infra, and Michigan law.

PLAINTIFF BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 80 INSURANCE TRUST FUND, filed this action on behalf of the Fund, which is a trust fund established under and administered pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C. §186, and the Employment Retirement Income Act of 1974 ("ERISA"), 29 U.S.C. §1001 et. seq.

Defendant Blue Cross and Blue Shield of Michigan ("BCBSM") is a Michigan non-profit corporation pursuant to Michigan Public Act 350 of 1980, MCL 550.110, et. seq., as amended.

Plaintiff alleges that these hidden administrative fees were not authorized by the parties' Administrative Service Contract and were not disclosed by Defendant to it. In the Amended Complaint, Plaintiff alleges the following claims against Defendant: (1) breach of fiduciary duties under ERISA; (2) engaging in prohibited transactions in violation of ERISA; (3) breach of contract.

1

On August 12, 2013, the Court entered an order granting a stay of proceedings in this action during the pendency of defendant's appeal to the Sixth Circuit in the separate action of *Hi Lex Controls v Blue Cross and Blue Shield of Michigan.* (**Exhibit A**). The Court held that the *Hi Lex* appeal will likely resolve some of the controlling issues of liability in this action.

Plaintiffs seek either reconsideration of the August 12, 2013 Order or an order at least partially lifting the stay to allow discovery on issues that will not be affected by the Hi-Lex appeal.

## ARGUMENT

**PLAINTIFF'S CLAIMS SHOULD NOT BE STAYED FOR ANY REASON; AT A MINIMUM, THE STAY SHOULD BE AT LEAST PARTIALLY LIFTEDTO PERMIT DISCOVERY ON MATTERS THAT WILL BE UNAFFECTED BY THE HI-LEX APPEA.**

### A. STANDARDS FOR MOTIONS FOR RECONSIDERATION

Local Rule of Federal Procedure 7.1(g)(3) states in pertinent part:

> The movant must not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that correcting the defect will result in a different disposition of the case.

### B. STANDARDS FOR GRANTING STAY OF PROCEEDINGS

It is well settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). However, in exercising its discretion, the Court must "weigh competing interests and maintain an even balance". Id.

In addition, the Sixth Circuit has counseled courts to "tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Environmental Counsel v. U.S. District Court,* 565 F.2d 393, 396 (6th Cir. 1977). Thus, the burden is on the party

3

seeking the stay to show that there is a pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order. *Id, U.S. v. Mandycz,* 321 F. Supp. 2d 862, 864 (E.D. Mich. 2004). The party who seeks to obtain a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis, supra,* 299 U.S. at 255.

The Court should balance the following factors to determine whether to enter a stay of an action pending another appeal: (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies. *Mich. Coal of Radioactive Materials Users, Inc. v Griepentrog,* 945 F. 2d 150, 153 (6th Cir. 2002).

Here, the Court's Order of August 24, 2013 is palpably erroneous because the Court did not expressly consider the factors cited immediately above and did not find the existence of a clear case of hardship or inequity to Defendant to justify the grant of an extended stay of this action.

Specifically, the Court merely held that a stay was warranted during the pendency of Defendant's appeal to the Sixth Circuit in the separate action of *Hi Lex Controls v Blue Cross and Blue Shield of Michigan* because overlapping issues

4

in this and in the *Hi Lex action* existed. While the Court summarily acknowledged that some of the primary liability issues were recently decided in the published opinion of *Pipefitters 636 Ins. Fund v Blue Cross & Blue Shield of Mich*igan, __ F. 3d __ (2013), it did not in any manner identify which of the controlling liability issues were not resolved in the *Pipefitters'* appeal and remained to be resolved in the *Hi Lex* appeal.

Specifically, in its briefing in response to Defendant's Motion for Stay of Proceedings, Plaintiff explained how the three dispositive overlapping liability issues were resolved by or otherwise impacted in the *Pipefitters 636* opinion (the existence of fiduciary status, breach of fiduciary duties and the statute of limitations-fraudulent concealment extension). Defendant made no attempt to rebut this controlling point in its reply brief. It instead merely noted that the statute of limitations issue and the issue of the potential validity of a counterclaim against the Fund's trustees would be decided in the first instance in the *Hi Lex* appeal.

The findings by the *Pipefitters 636* Court that Defendant breached its fiduciary duties by imposing the OTG administrative fee without contractual authority certainly governs the dispositive liability and fraudulent concealment issues in both *Hi-Lex* and this action. Any remaining issues to be resolved in the Hi-Lex appeal such as the potential viability of a counter claim against the trustees are secondary in nature. **Likewise, contrary to Defendant's previous**

**arguments, the other two administrative fees at issue in this action are encompassed by the Pipefitters' decision since it is readily apparent that the overlapping contractual language impacted the illegality of those fees in the exact manner as it did the OTG.**

These points justify a lifting of the stay in its entirety to permit consideration of a motion for summary judgment premised upon the controlling nature of *Pipefitters 636*. Neither the court nor Defendant have identified a single reason why the most significant liability issues controlled by *Pipefitters 636* should not be resolved during the pendency of the *Hi Lex* appeal.

At a minimum, the stay should be lifted to permit the parties to take discovery on issues that will be not be resolved by the *Hi-Lex* appeal and other routine discovery arrangements: namely, the calculation of the amounts of the administrative fees at issue and the production of any relevant contractual documentation, quarterly and annual settlements issued by Defendant and communications between party agents. Directing such limited discovery now would help expedite resolution of this action until the completion of the *Hi Lex* appeal and would cause no undue prejudice to Defendant.

Very recently, Judge Lawson recognized the appropriateness of allowing discovery prior to the completion of the Hi-Les appeal in the companion action of *Dykema Excavators, Inc v Blue Cross & Blue Shield of Michigan*, Docket No. 13-

cv-12151, and directed the parties to submit a Discovery Plan for the court's consideration. Judge Lawson's Minute Entry directive and the Parties' Positions Concerning Discovery are attached hereto as Exhibits B and C. Plaintiff's current alternate request for limited discovery in this action does not materially exceed Blue Cross' position submitted in *Dykema Excavators*.

For these reasons, Plaintiff requests that this Court reconsider its Order of August 12, 2013 and lift the stay of proceedings entered in that Order.

                               **SULLIVAN, WARD,**
                               **ASHER & PATTON, P.C.**

By: **/s/ Ronald S. Lederman**
     RONALD S. LEDERMAN (P38199)
     GERARD J. ANDREE (P25497)
     Attorneys for Plaintiff
     1000 Maccabees Center
     25800 Northwestern Highway
     P.O. Box 222
     Southfield, MI 48037-0222
     (248) 746-0700
     rlederman@swappc.com

W1307088.DOC

## **CERTIFICATE OF SERVICE**

I hereby certify that on 8/26/2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                        **SULLIVAN, WARD,**
                          **ASHER & PATTON, P.C.**

By: **/s/ Ronald S. Lederman**
      RONALD S. LEDERMAN (P38199)
      GERARD J. ANDREE (P25497)
      Attorneys for Plaintiff
      1000 Maccabees Center
      25800 Northwestern Highway
      P.O. Box 222
      Southfield, MI 48037-0222
      (248) 746-0700
      rlederman@swappc.com

W1307088.DOC