UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 80 INSURANCE TRUST FUND, | Case No. 2:13-cv-10415-PJD-LJM |
| | Hon. Patrick J. Duggan |
| Plaintiff, | |
| v. | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | |
| Defendant. | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR TO LIFT STAY OF PROCEEDINGS

The Court should deny Plaintiff's motion for reconsideration of the Court's order staying proceedings pending the outcome of *Hi-Lex Controls Incorporated v. Blue Cross Blue Shield of Michigan*, Sixth Cir. Nos. 13-1773, 13-1859, or otherwise seeking to lift the stay. Plaintiff's motion simply rehashes arguments already rejected in this and twenty-four other cases.

Under Local Rule 7.1(h)(3), incorrectly referred to by Plaintiff as Local Rule 7.1(g)(3), "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *See also Brown v. Harry*, No. 09-13899, 2009 WL 4560981 (E.D. Mich. Dec. 1, 2009) (denying motion for reconsideration as movant "presents issues already addressed by this Court"); *Williams v. Trombley*, No. 07-12318, 2009 WL 2923067 (E.D. Mich. Sept. 10, 2009), citing *Hence v. Smith*, 49 F.Supp.2d 547, 550 (E. D. Mich. 1999). In its motion for reconsideration, Plaintiff presents the same issues the Court has already ruled on. Plaintiff made the same arguments in opposition to Defendant's motion to stay that it now makes in its motion for reconsideration. The Court rejected those arguments, finding this case involves "other substantial issues" not decided by *Pipefitters* and that a stay pending the *Hi-Lex* appeal "will not pose substantial delay and/or prejudice to Plaintiff." Dkt. #20.

To obtain relief, Plaintiff "must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." Local Rule 7.1(h)(3). Thus, Plaintiff must show: (1) a palpable defect; (2) that the defect misled the Court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Id*. Plaintiff fails to identify a "palpable defect" in the Court's decision to stay proceedings.

Plaintiff asserts the Court did not "expressly consider" the balancing factors and find "a clear case of hardship" to Defendant. The Court considered the factors argued by the parties. The Court noted Defendant's statement that "proceeding risks great waste of the parties' and the Court's resources." The Court recognized that substantial issues in this case were not addressed by *Pipefitters* and that a request was made for an expedited decision in *Hi-Lex*. The Court found that a stay "will not pose substantial delay and/or prejudice to Plaintiff." Because the Court did not find that Plaintiff would be harmed by a stay, it did not need to find a clear case of hardship to Defendant. Defendant would clearly be harmed if forced to defend this lawsuit when the *Hi-Lex* appeal might provide binding precedent for its motion to dismiss arguments. There is reason to believe it will; *Pipefitters* and

recent decisions by the Michigan Court of Appeals support the argument that the applicable ERISA limitations period began to run when Plaintiff signed the ASC and agreed to pay the disputed fees. *See Pipefitters Local 636 et al. v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 627 (6th Cir. 2011) ("the [Fund]'s claim, that Blue Cross's failure to disclose a collection of the OTG fee was a breach loses" as "Plaintiff Funds knew of the fee" because the ASC "said so") (quoting Judge Tarnow from hearing transcript); *County of Midland v. Blue Cross Blue Shield of Michigan*, Case No. 303611 (Mich. Ct. App. June 11, 2013); *Genesee County Road Commission, et al. v. Blue Cross Blue Shield of Michigan*, Case No. 305512 (Mich. Ct. App. June 13, 2013); *Calhoun County v. Blue Cross Blue Shield of Michigan*, 297 Mich. App. 1, 7; 824 N.W.2d 202 (2012) leave denied, 493 Mich. 917; 823 N.W.2d 603 (2012).

Plaintiff failed to show a "palpable defect" in this Court's stay decision or that the defect led to the incorrect disposition of the case. Instead, this Court properly exercised its discretion in staying this proceeding. *See Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010).

Plaintiff asserts the Court did not specify which issues are controlled by *Pipefitters* and which will be resolved in the *Hi-Lex* appeal. There is no authority for such a requirement and that determination cannot be made until the Sixth Circuit issues its decision in *Hi-Lex*. As Judge Cleland noted in a recent stay order,

Plaintiff's use of *Pipefitters* "is just an attempt to litigate the *Hi-Lex* appeal here." Dkt. #12, *Baker College And Baker College And Subsidiaries Health Insurance Plan v. Blue Cross Blue Shield of Michigan*, No. 13-13226.

Plaintiff alternatively seeks "discovery on issues that will not be affected by the Hi-Lex appeal." As recognized in similar stayed cases, this entire case is affected by the *Hi-Lex* appeal. The extensive discovery sought by Plaintiff would be a waste should Defendant prevail on appeal. Contrary to Plaintiff's suggestion, Judge Lawson has not ordered any discovery in *Dykema Excavators, Inc. v. Blue Cross Blue Shield of Michigan,* No. 13-12151. Moreover, every Judge who has ruled on Defendant's motion to stay pending the *Hi-Lex* appeal has issued the requested stay. After this Court's August 12, 2013 Order, additional cases have been stayed. On August 27, 2013, the Sixth Circuit partially granted the motion to expedite the *Hi-Lex* appeal. The availability of judgment interest means Plaintiff cannot identify any harm caused by the stay.

Plaintiff's motion must be denied because Plaintiff has failed to identify any palpable defect in the Court's decision and has failed to show the incorrect disposition of the stay motion. Plaintiff merely asserts the same arguments the Court already ruled upon. This Court properly exercised its discretion in staying this proceeding pending a decision in the *Hi-Lex* appeal. Plaintiff's motion should be denied.

                    Respectfully submitted,

                    **BODMAN PLC**

                    <u>s/ Rebecca D'Arcy O'Reilly</u>
                    G. Christopher Bernard (P57939)
                    Rebecca D'Arcy O'Reilly (P70645)
                    1901 St. Antoine St.
                    6th Floor Ford Field
                    Detroit, MI  48226
                    (313) 259-7777
                    roreilly@bodmanlaw.com
Dated:  October 8, 2013      Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2013 I electronically filed Defendant Blue Cross Blue Shield of Michigan's Response to Plaintiff's Motion for Reconsideration and/or to Lift Stay of Proceedings, along with this Certificate of Service, with the Clerk of the Court using the ECF System, which will send notification of such filing to all attorneys of record.

s/ Rebecca D'Arcy O'Reilly
Rebecca D'Arcy O'Reilly
1901 St. Antoine St.
6th Floor Ford Field
Detroit, MI  48226
(313) 259-7777
roreilly@bodmanlaw.com
Attorneys for Defendant

Detroit_3015494_3