UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF SHEET METAL
WORKERS LOCAL UNION NO. 80
INSURANCE TRUST FUND,

                Plaintiff,                      Civil Action No.
                                                    13-CV-10415

vs.

                                             Honorable Patrick J. Duggan

BLUE CROSS & BLUE SHIELD
OF MICHIGAN,

                Defendant.

_____/

**<u>OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT, (2) DENYING AS MOOT WITHOUT
PREJUDICE DEFENDANT'S MOTION TO DISMISS, AND (3) STRIKING
PLAINTIFF'S REQUEST FOR PARTIAL SUMMARY JUDGMENT</u>**

On February 1, 2013, Plaintiff Trustees of Sheet Metal Workers Local Union

No. 80 Insurance Trust Fund filed this lawsuit against Defendant Blue Cross and

Blue Shield of Michigan.   The lawsuit is similar to numerous others pending in this

district.   Plaintiff alleges that Defendant violated federal and state law by charging

hidden administrative fees, referred to by the parties as "Disputed Fees," in addition

to disclosed contractual fees, for administering Plaintiff's self-insured employee

welfare fund.   Plaintiff contends that, by charging the Disputed Fees, Defendant

violated the Employee Retirement Income Security Act of 1974 ("ERISA") (Counts

I – III) and Michigan law (Count IV).   Plaintiff filed an amended complaint on July 24, 2013.

From August 12, 2013 until November 24, 2014, this case was stayed pending resolution of a similar case over which U.S. District Judge Victoria A. Roberts presided.   *See Hi-Lex Controls, Inc. v. Blue Cross & Blue Shield of Mich.*, No. 11-CV-12557, 2013 WL 2285453 (E.D. Mich. May 23, 2013).   Following a bench trial, Judge Roberts ruled in favor of the *Hi-Lex* plaintiffs, awarding them more than five million dollars, plus costs, interest, and attorney fees.   On May 14, 2014, the Sixth Circuit affirmed Judge Roberts' decision, and the United States Supreme Court denied certiorari on October 20, 2014.   *See Hi-Lex Controls, Inc. v. Blue Cross Blue Shield of Mich.*, 751 F.3d 740 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 404 (2014).

On January 2, 2015, Defendant filed a motion to dismiss Plaintiff's amended complaint, arguing principally that Plaintiff's ERISA claims are time-barred. Plaintiff filed a brief in opposition to Defendant's motion to dismiss on January 30, 2015.   In its opposition brief, Plaintiff also moves for partial summary judgment with regard to its ERISA claims.   On February 20, 2015, Defendant filed a brief that both replies to Plaintiff's response to Defendant's motion to dismiss and responds to Plaintiff's request for partial summary judgment.   The Court **STRIKES** Plaintiff's

request for partial summary judgment because, under this Court's rules, "a response or reply to a motion must not be combined with a counter-motion," and "[p]apers filed in violation of this rule will be stricken."   E.D. Mich., Elec. Filing Pol. & Proc. R5(e).

On May 14, 2015, following an unsuccessful facilitation, Plaintiff filed a motion for leave to amend its complaint.[1]   Plaintiff wishes to add a claim alleging that Defendant failed to properly disclose additional administrative fees beyond the Disputed Fees that are the subject of the amended complaint.   Plaintiff also wishes to bolster its factual allegations related to Defendant's argument that this lawsuit is barred by the statute of limitations.   Discovery has not yet commenced in this case, nor has a scheduling order been issued.

Both Plaintiff's motion for leave to amend and Defendant's motion to dismiss are fully briefed.   The Court dispenses with oral argument.   *See* E.D. Mich. LR 7.1(f)(2).   For the reasons that follow, the Court will grant Plaintiff's motion for leave to amend and deny as moot Defendant's motion to dismiss without prejudice. The Court addresses Plaintiff's motion for leave to amend first.

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires."   "Denial [of a motion to amend] may be

---

[1]  The parties jointly asked the Court not to resolve any dispositive motions in this case or permit discovery "unless mediation does not resolve the case."   ECF No. 30.

3

appropriate, however, where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005) (internal quotation marks and citation omitted). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 802 (1971).

Defendant argues that the Court should not permit Plaintiff to amend its complaint for the following reasons: (1) the proposed new claim is time-barred and, thus, the amendment would be futile; (2) the proposed new claim is factually unrelated to the allegations in the amended complaint; (3) Plaintiff waited too long to seek the present amendment; and (4) Plaintiff violated the Court's Local Rule requiring a moving party to seek concurrence in the relief sought from the non-moving party prior to filing a motion, *see* E.D. Mich. LR 7.1(a).

Regarding the first and second arguments, the Court notes, as does Plaintiff in its motion, that a claim that is similar to the one Plaintiff wishes to add here survived a motion to dismiss in a similar case against Defendant pending before U.S. District Judge Thomas L. Ludington. *See Alma Prods. I, Inc. v. Blue Cross & Blue Shield*

*of Mich.*, No. 14-CV-13066, 2015 WL 1498881, at *5 (E.D. Mich. Mar. 31, 2015). The Court is not suggesting that the circumstances surrounding the contemplated claim here are the same as those surrounding the claim in *Alma Products*, or that Judge Ludington's analysis in that case is controlling of the claim contemplated in the present case; however, for the purposes of deciding whether to allow Plaintiff an opportunity to assert the claim, the fact that a similar claim survived a motion to dismiss in a similar case suggests that the claim contemplated here could survive a motion to dismiss and is not futile.   *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").   This is especially true where Defendant ignores in its response brief Plaintiff's reference to *Alma Products* in its motion.

Regarding its third argument, Defendant argues that Plaintiff waited too long to seek leave to amend, and thus acted in bad faith, because it did not seek to amend until after facilitation and after dispositive motions.   Defendant cites *Forstmann v. Culp*, 114 F.R.D. 83, 87 (M.D.N.C. 1987) for the following proposition: "To allow plaintiff to amend after defendants have made a successful dispositive motion prejudices defendants."   However, Plaintiff counters that it waited until after facilitation to seek leave to amend because it hoped to avoid the filing of a

potentially needless motion.   Moreover, the above rule of law from *Forstmann* is not relevant here because the Court has not yet issued a ruling on a dispositive motion in this case.   Because discovery has not commenced and the Court has yet to issue a scheduling order, the Court does not find that Plaintiff waited an unreasonable amount of time to seek leave to amend.   *See Mersen USA-Midland-MI Inc. v. Graphite Machining Servs. & Innovations, LLC*, No. 12-CV-10961, 2012 WL 3060922, at \*2 (E.D. Mich. Jul. 26, 2012) ("Undue delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed.").

Finally, Defendant argues that the Court should deny Plaintiff's motion for leave to amend because it failed to comply with the Local Rule requiring a moving party to seek concurrence in the relief sought before filing a motion.   The record reflects that Defendant obtained new counsel shortly before Plaintiff filed its motion for leave to amend.   Plaintiff's counsel states that he requested concurrence from Defendant's old counsel and filed the motion for leave to amend three weeks later after not hearing back.   Counsel contends that he was not also obligated to seek concurrence from Defendant's new counsel given that he requested concurrence from Defendant's old counsel.   Under the circumstances, it is not clear whether the Local Rule was violated.   In any event, any violation is harmless because

6

Defendant clearly opposes the motion.

For the reasons stated, the Court **GRANTS** Plaintiff's motion for leave to file a second amended complaint.   Plaintiff shall file its second amended complaint by August 21, 2015.

Turning now to Defendant's motion to dismiss, because the motion is directed at a complaint that will soon be superseded by Plaintiff's second amended complaint, the Court **DENIES** the motion as moot without prejudice.   However, Defendant may file an appropriate motion directed at Plaintiff's second amended complaint within twenty-one days of the date on which the second amended complaint is filed; otherwise, Defendant shall file an answer within that time frame. In the meantime, the Court will conduct a settlement conference in this case before Defendant's deadline for filing a responsive pleading or motion to dismiss.   A separate notice regarding the settlement conference will be issued.   Should the parties resolve the case on their own before the settlement conference, they shall immediately inform the Court by calling its case manager.

**SO ORDERED**.

Dated: August 19, 2015                    s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record